UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

STOCKBRIDGE-MUNSEE COMMUNITY,

        Plaintiff,

  v.                                          Case No. 06-C-989

UNITED STATES CITIZENSHIP and
IMMIGRATION SERVICES,

        Defendant.

## DECISION AND ORDER

On January 29, 2007, defendant United States Citizenship and Immigration Services (USCIS) filed a motion to dismiss on the grounds that this court lacks subject matter jurisdiction over this case. The plaintiff has not responded to the motion. Because I conclude that I lack jurisdiction, the case will be dismissed.

In brief, the plaintiff is the owner of the Pine Hills Golf Course and Supper Club in Gresham, Wisconsin. Plaintiff advertised the position of Golf Club Manager and determined to hire Lloyd A. Young for the position. The complaint does not indicate the citizenship of Mr. Young, but before hiring him the plaintiff was required to submit Form I-129, Petition for Nonimmigrant Worker, which is the form, according to the defendant, "used by an employer to petition the U.S. Citizenship and Immigration Services (USCIS) for an alien to come as a nonimmigrant to the United States temporarily to perform services or labor, or to receive training" in, *inter alia,* a "specialty occupation." (http://www.uscis.gov/files/form/i-129instr.pdf) The USCIS denied the

petition, noting that the position of golf club manager does not qualify as a "specialty occupation." (Compl. ¶ 9.) Plaintiff appealed, and the USCIS dismissed the appeal on the same grounds. Plaintiff then filed the instant lawsuit seeking a declaration that the position of golf club manager qualifies as a "specialty occupation" under 8 U.S.C. § 1101(a)(15)(H)(i)(b).

According to the USCIS, this case involves its discretionary decision to determine if a job position constitutes a "specialty occupation" and thereby grant a visa petition. As such, this decision constitutes a "discretionary decision, precluded from judicial review pursuant to 8 U.S.C. § 1252(a)(2)(B)(ii)." *El-Khader v. Monica,* 366 F.3d 562, 563 (7th Cir. 2004). Section 1252(a)(2)(B)(ii), which the defendant describes as a "stripping" provision, provides that no court shall have jurisdiction to review "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief [asylum] under section 1158(a) of this title." The effect of this provision is that courts generally lack jurisdiction to review the attorney general's discretionary decisions. *Ahmed v. Gonzales,* 465 F.3d 806, 809 (7th Cir. 2006) ("we are barred from reviewing most discretionary decisions . . .")

I agree with the USCIS that the question of whether a position constitutes a "specialty occupation" is a discretionary decision insulated from judicial review. As a district court found in a substantially similar case:

> While Gama Tours contends that this is a matter involving a non-discretionary federal question where Defendants wrongfully interpreted the INA and the regulations under that law, the language of 8 U.S.C. § 1184(a)(1) provides that "the admission to the United States of any alien as a nonimmigrant shall be for such time and under such conditions as the Attorney General may by regulations prescribe."

2

> The statute clearly grants discretion to the Attorney General in these cases to determine whether the conditions for the visa have been met. To obtain a temporary nonimmigrant H1-B visa, the petitioning employer must prove that the alien is coming to the United States temporarily to perform services in a specialty occupation. See 8 U.S.C. § 1101(a)(15)(H)(i). Section 1184(i)(1) defines "specialty occupation" as an occupation that requires "(A) theoretical and practical application of a body of highly specialized knowledge, and (B) attainment of a bachelor's or higher degree in the specific specialty (or its equivalent) as a minimum for entry into the occupation in the United States." 8 U.S.C. § 1184(i)(1). Here, the AAO affirmed the Vermont Service Center's determination that Gama Tours failed to establish that a baccalaureate or its equivalent normally was required for the offered position and that the duties associated with the position required the "theoretical and practical application of a body of highly specialized knowledge." (Loprest Decl. at 3). Thus, the agency acted appropriately within its discretion.

*Blacher v. Ridge,* 436 F. Supp.2d 602, 606-07 (S.D.N.Y. 2006).

Though not binding on this court, the decision of the Southern District of New York provides ample persuasive authority that the question of whether a position is a "specialty occupation" under § 1184(i)(1) is wholly within the discretion of the USCIS. As such, § 1252(a)(2)(B)(ii) strips this court of jurisdiction to review the agency's determination. Accordingly, the motion to dismiss is **GRANTED** and the case is **DISMISSED** for lack of subject matter jurisdiction. Judgment shall be entered in favor of the defendant forthwith.

**SO ORDERED** this ___9th___ day of March, 2007.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
